IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**USABLE LIFE**                                                                                                                        **PLAINTIFF**

**v.**                                          **Case No.  4:21-cv-00049-KGB**

**ROBERT JOE WHITE, individually and**
**as Administrator of the Estate of Katherine**
**Ann White and SAMANTHA TAYLOR**                                                                          **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is defendant Robert Joe White's motion for summary judgment (Dkt. No. 8).  Separate defendant Samantha Taylor opposes the motion (Dkt. No. 11).  Plaintiff USAble Life ("USAble"), which initiated this lawsuit by filing a complaint for interpleader (Dkt. No. 1), did not respond to Mr. White's motion for summary judgment.  For the following reasons, the Court denies the motion (Dkt. No. 8).

**I.    Statement Of Facts**

The Court recounts the facts agreed upon by the parties (Dkt. Nos. 10, 12).

Katherine Anne White ("the Decedent") passed away on March 20, 2020 (Dkt. No. 10, ¶ 1).  At the time of her death, the Decedent was a participant in two life insurance policies issued by USAble – the Group Term Life and Accidental Death and Dismemberment Insurance Policy ("GTL") and the Voluntary Group Term Life Insurance Policy ("VGTL") (Dkt. Nos. 1, ¶ 9; 10, ¶ 1).  Both plans were "employee welfare benefits plans" as defined by the Employee Retirement Income Security Act ("ERISA") (Dkt. No. 1, ¶ 6).  29 U.S.C. § 1001 *et seq*.  The VGTL policy and its rightful beneficiary are the subjects of this litigation (*Id.*, ¶ 11).

According to Mr. White, when the Decedent passed, he survived her, along with Mrs. White's adult daughter – Ms. Taylor (Dkt. No. 10, ¶¶ 2-3).  Ms. Taylor denies that Mr. White is

the surviving spouse of the Decedent and asserts that Mr. White "is now deceased" (Dkt. No. 11, ¶ 2).[1] USAble and Mr. White claim that both Ms. Taylor and Mr. White have been the primary beneficiary and secondary beneficiary – or vice versa – with respect to the GTL and VGTL policies (Dkt. Nos. 1, ¶ 13; 10, ¶ 4). Ms. Taylor denies that fact (Dkt. No. 12, ¶ 5).

Mr. White contends that in June 2016, the Decedent designated him the primary beneficiary of both the GTL and VGTL policies, pointing to an unsigned, unwitnessed, and undated VGTL beneficiary form as proof (Dkt. No. 10, ¶ 5; 10-1, at 2). Ms. Taylor denies the validity of the unsigned, unwitnessed, and undated VGTL beneficiary form upon which Mr. White seems to rely (Dkt. No. 12, ¶ 6). In September 2019, the Decedent executed a form making Ms. Taylor the primary beneficiary of the GTL (Dkt. No. 10, ¶ 6). The parties agree that the form did not expressly identify the VGTL policy or its designated beneficiary; however, Ms. Taylor contends that the designation change applied to both the GTL and VGTL (*Id.*). The parties disagree as to whether there is any additional written documentation indicating that the Decedent wished to remove Mr. White as the primary beneficiary of the VGTL policy (Dkt. Nos. 10, ¶ 7; 12, ¶ 8).

## II.     Legal Standard For Summary Judgment

Pursuant to the Federal Rules of Civil Procedure, the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a reasonable jury could render its verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v.*

---

[1] Ms. Taylor's contention that Mr. White is no longer living is inconsistent with her initial answer, wherein she admitted that Mr. White was "the surviving spouse of Kathy White" (Dkt. Nos. 3, ¶ 5; 11, ¶ 2).

*Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).  Mere denials or allegations are insufficient to defeat an otherwise properly supported motion for summary judgment.  *See Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008); *Com. Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271-72 (8th Cir. 1992).

First, the burden is on the party seeking summary judgment to demonstrate an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019).  If the moving party satisfies its burden, the burden then shifts to the non-moving party to establish the presence of a genuine issue that must be determined at trial.  *See Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-movant "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Matsushita*, 475 U.S. at 586-87).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III.  Analysis

The threshold issues are whether the Decedent intended for Mr. White to receive the $40,000 VGTL benefit upon her death or whether the change-of-beneficiary form referenced above effectively made Ms. Taylor the VGTL's primary beneficiary (Dkt. No. 1, 11-13, 75-76). The granting or denying of Mr. White's motion for summary judgment turns on whether the record presents any disputed material fact suggesting that the Decedent did not designate Mr. White the VGTL beneficiary.  *See generally Anderson*, 477 U.S. at 248; *Holloway*, 884 F.2d at 366.  The Court finds that there exist genuine disputes over outcome determinative material facts and, therefore, denies Mr. White's motion for summary judgement.  *Holloway*, 884 F.2d at 366.

Mr. White presents the Court with an unsigned, unwitnessed, and undated VGTL beneficiary form and argues that this form, standing alone, is the undisputed authority on how the Decedent intended her $40,000 VGTL policy to be distributed (Dkt. Nos. 9, at 2, 6-7; 10, ¶ 5-6). Mr. White then points this Court to Arkansas state court decisions supporting his claim (Dkt. No. 9, at 3-6). He outlines Arkansas law for changing insurance beneficiaries, explains what type of evidence is relevant under Arkansas law to determining if a policy holder intended to change a beneficiary, and concludes that the factual record points to him as the rightful VGTL primary beneficiary (*Id.*). *See Coleman v. Regions Bank*, 216 S.W.3d 569 (Ark. 2005); *Primerica Life Ins. Co. v. Watson*, 207 S.W.3d 443 (Ark. 2004); *Isbell v. Ed Ball Const. Co.*, 833 S.W.2d 370 (Ark. 1992); *Allen v. First Nat. Bank of Fort Smith*, 547 S.W.2d 118 (Ark. 1977); *Whisenant v. McKamie*, 543 S.W.3d 528 (Ark. Ct. App. 2018); *Nunnenman v. Est. of Grubbs*, 374 S.W.3d 75 (Ark. Ct. App. 2010).

ERISA and the federal common law developed to construe it, not state law, regulate the VGTL (Dkt. No. 1, ¶ 1). 29 U.S.C. § 1001 *et seq.*; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56 (1987) (concluding that Congress expected federal courts to develop a "federal common law of rights and obligations under ERISA-regulated plans."). The statute does not speak to settling disputes among competing claimants. *Equitable Life Assur. Soc. of the United States v. Crysler*, 66 F.3d 944, 948 (8th Cir. 1995) (citing *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 13 (2d Cir. 1993)). Where the ERISA statute is silent, the Supreme Court and the Eighth Circuit require lower courts to apply "'federal common law,' not state law." *Reid v. Conn. Gen Life Ins. Co.* 17 F.3d 1092, 1098 (8th Cir. 1989) (citing *Dedeaux*, 481 U.S. at 56).

The Eighth Circuit has yet to determine the applicable federal common law framework for resolving cases where competing beneficiaries lay claim to a life insurance policy following a

4

supposed change to one of the parties' beneficiary status under the policy. *Alliant Techsystems, Inc. v. Marks*, 465 F.3d 864, 870 n.1 (8th Cir. 2006) (noting that the Eighth Circuit has yet to endorse the application of the substantial compliance doctrine adopted in other circuits for settling disputes between competing beneficiaries in life insurance disbursement cases). In the Fourth and Seventh Circuits, federal courts apply the federal common law principal of substantial compliance articulated in *Phoenix Mutual Life Insurance Company v. Adams*. 30 F.3d 554, 558-64 (4th Cir. 1994) (applying the federal common law substantial compliance doctrine to an ERISA life insurance plan disbursement case where an insured failed to list the new beneficiary's name on a change-of-beneficiary form); *see also Davis v. Combes,* 294 F.3d 931, 940 (7th Cir. 2002) (applying the federal common law substantial compliance doctrine to an ERISA life insurance plan disbursement case where the insured did not sign and date the "change of beneficiary" form); *Randles v. Metro. Life Ins. Co*., No. C0499LRR, 2005 WL 1277775, at *5 (N.D. Iowa May 25, 2005); *Harpole v. Entergy Arkansas, Inc.*, 197 F. Supp. 2d 1152, 1158 (E.D. Ark. 2002). The *Adams* substantial compliance doctrine holds that, despite not following all the formalities of the beneficiary-change process, an insured changes a beneficiary on a life insurance policy when she intends to change the beneficiary and takes affirmative steps to make that change. *Adams*, 30 F.3d at 564. District Courts in the Eighth Circuit regularly apply this *Adams* substantial compliance test in cases involving disputes among multiple beneficiaries claiming a legal right to an ERISA-governed insurance plan. *See generally Sun Life Assur. Co. of Canada v. Wasko*, 939 F. Supp. 2d 944, 953–55 (S.D. Iowa 2013); *Principal Life Ins. Co. v. Gorsche*, 733 F. Supp. 2d 1077, 1081–82 (S.D. Iowa 2010); *Randles*, 2005 WL 1277775, at *5; *Harpole*, 197 F. Supp. 2d at 1158. Likewise, this Court believes that the *Adams* federal common law rule of substantial compliance

should govern in this case. *See Randles*, 2005 WL 1277775, at *5-6 (citing *Davis*, 294 F.3d at 940; *Adams,* 30 F.3d at 558-64).

As discussed above, the *Adams* standard holds that an insured changes the designated beneficiary of an ERISA-governed life insurance plan when the insured "(1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy." 30 F.3d at 564 (quotations omitted). In *Adams*, an insured, Mr. Adams, wished to change the beneficiary on his life insurance plan to his new spouse. *Id.* at 557. When he filled out a form attempting to make the above-described change, he left blank the section where he should have listed the new beneficiary. *Id.* Mr. Adams later called an official in charge of managing his life insurance policy, Mr. Holcombe. *Id.* Mr. Adams told Mr. Holcombe that he wished to change his life insurance beneficiary to his new wife, and Mr. Holcombe made notes recounting that conversation and Mr. Adams' wishes. *Id.* Mr. Holcombe later left the company managing Mr. Adams' life insurance policy and did not complete the beneficiary change requested by Mr. Adams. *Id.* Mr. Adams later died without a completed change-of-beneficiary form. *Id.* Upon Mr. Adams' death, Mr. Holcombe's replacement reached out to Mr. Holcombe who confirmed that Mr. Adams previously requested that the beneficiary be changed to his new spouse. *Id.* at 558. Another employee updated Mr. Adams' form to reflect the decedent's pre-death wishes. *Id.* The Fourth Circuit later ruled that Mr. Adams "substantially complied with the plan's requirements," awarding the life insurance policy's proceeds to his widow – Mr. Adams' intended beneficiary. *Id.* at 567-68.

The Seventh Circuit articulated the same standard in *Davis v. Combes,* a similar life insurance case. 294 F.3d at 942. In *Davis*, an insured filled out a change-of-beneficiary form in

her own handwriting but neglected to include a signature and the date. *Id.* The lack of signature and date did not invalidate the beneficiary change because the facts around the alteration left "no doubt about [the insured's] intent to make [her sister instead of her husband and child the] sole beneficiary of her [life insurance] policy." *Id.* The Seventh Circuit applied the *Adams* substantial compliance standard and looked to the following facts when deciding that the insured intended to change the beneficiary and substantially complied with the process for doing so:

> (1) at the same time the policyholder attempted to change the policy at issue, she successfully changed two other life insurance policies to name the same beneficiary; (2) she requested the "change of beneficiary" form from her employer and filled it out in her own handwriting; (3) she completed the form in its entirety, including an effective date, except for the signature and date lines; and (4) she delivered the form to the benefits coordinator, who accepted and processed the application as though it were complete.

*Randles*, 2005 WL 1277775, at *6 (summarizing the factors examined in *Davis*, 294 F.3d at 941-42). The *Davis* court's analysis of these facts highlights an aspect of the substantial compliance inquiry that is critical to the instant case before this Court. As applied in *Davis*, and articulated in *Adams*, determining whether a "beneficiary to a life insurance policy has been changed is a question of fact." *Adams*, 30 F.3d at 564; *see also Davis*, 294 F.3d at 941-42. In stark contrast to the situation in *Davis*, the case at bar lacks the factual record necessary to determine whether the Decedent intended to change the VGTL's primary beneficiary or maintain the beneficiary allocation described on the VGTL beneficiary form (Dkt. No. 1, at 75-76). As such, there are disputed genuine issues of material fact that preclude this Court from granting Mr. White's motion for summary judgment (Dkt. No. 10).

This Court may only grant summary judgment if there is no genuine dispute of material fact that the Decedent, Mrs. White, intended for Mr. White to receive the $40,000 VGTL benefit upon her death (Dkt. No. 1, at 11-13, 75-76). *See generally Anderson*, 477 U.S. at 248. Mr. White cannot make this requisite showing through undisputed material facts; the separate defendants

dispute nearly every material fact before this Court (Dkt. Nos. 10-11). For example, Mr. White and Ms. Taylor cannot agree on the effect of the beneficiary change form (Dkt. Nos. 1, at 76; 11, ¶ 5). They disagree about the validity of the unsigned, unwitnessed, and undated VGTL beneficiary form, and the record contains no additional evidence indicating the form's validity or invalidity (Dkt. Nos. 1, at 75; 11 ¶ 5-7a).[2] They even dispute whether Mr. White is among the living (Dkt. No. 11, ¶ 2).[3] Further, the Decedent's policy provider, USAble, brought this lawsuit because it cannot ascertain who is entitled to the VGTL funds (Dkt. No. 1, ¶ 14). In short, USAble believes disputed facts exist (*Id.*).

Based on this analysis, the Court finds a genuine factual dispute exists as to whether the Decedent intended to alter the VGTL primary beneficiary. It is unclear, based on the record before the Court, whether the Decedent intended to change her VGTL policy with the designated beneficiary form provided by USAble (Dkt. No. 1, at 76). Likewise, Ms. Taylor has not demonstrated with sufficient certainty on the factual record currently before the Court that the Decedent intended to change the VGTL beneficiary or that the Decedent took the steps necessary to make that change. *Adams*, 30 F.3d at 564. However, the validity of Ms. Taylor's contentions is not before the Court. What is at issue is whether the record evidence currently before the Court, viewed in the light most favorable to Ms. Taylor, demonstrates a genuine dispute of material fact

---

[2] The Court notes that Ms. Taylor's response to defendant Mr. White's motion for summary judgment and incorporated brief in support contains several instances of identically numbered paragraphs (Dkt. No 11). Where the Court makes reference to such paragraphs, it cites the paragraph appearing first with an "a" and the subsequent paragraph with a "b." This identification system is applicable to paragraph numbers seven, eight, and ten (*Id.*, ¶¶ 7a, 7b, 8a, 8b, 10a-10b).

[3] The Court calls the parties' attention to Federal Rule of Civil Procedure 25, which requires dismissal within 90 days after service of a statement of death. *See generally Younts v. Fremont Cty., Iowa*, 370 F.3d 748, 752 (8th Cir. 2004) (explaining that a formal suggestion of death is required to substitute or dismiss a party under Federal Rule of Civil Procedure 25).

that will determine which party is entitled to the VGTL benefits. *Anderson*, 477 U.S. at 255; *Holloway*, 884 F.2d at 366. Having reviewed the record evidence before it, the Court determines that a material factual dispute exists. Thus, Mr. White's motion for summary judgment should be denied. *See generally Anderson*, 477 U.S. at 255; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587.

### IV. Conclusion

For the foregoing reasons, the Court denies without prejudice Mr. White's motion for summary judgment (Dkt. No. 8)

It is so ordered this 21st day of January, 2022.

_____
Kristine G. Baker
United States District Judge